UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DBSI LIFESTYLE CENTER LEASCO
LLC, an Idaho limited liability company,
and DBSI HOUSING INC., an Idaho
corporation, as assignees of FOR 1031
Lifestyle Center LLC, a Delaware limited
liability company, and DBSI Discovery
Real Estate Services LLC, an Idaho
limited liability company,

Case No. 2:08-cv-10892

HONORABLE STEPHEN J. MURPHY, III

      Plaintiffs,

v.

LIFETIME CENTER, LLC, a Michigan
limited liability company, and MICHAEL
ANGELO MAGNOLI, JR., an individual,

      Defendants.
                                      /

**ORDER GRANTING PLAINTIFFS' MOTION FOR
A STAY OF ALL PROCEEDINGS IN THIS MATTER FOR 120 DAYS (D/E 24)**

    This is a claim by plaintiffs DBSI Lifestyle Center Leasco LLC and DBSI Housing Inc., against defendants Lifetime Center, LLC and Michael Angelo Magnoli, Jr. for breach of contract, breach of warranty, fraud, reformation of contract and unjust enrichment arising out of the purchase of real property located in Shelby Township, Michigan.

    Plaintiffs have moved this Court for an order staying this matter for 120 days, or, int the alternative, administratively closing the case   The plaintiffs represent the following as grounds for their motion: On November 10, 2008, plaintiffs filed a petition for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the District of Delaware, Case No.

08-12687. The plaintiffs' bankruptcy petitions are being jointly administered with approximately 145 associated cases. The United States Trustee in Wilmington, Delaware is the debtor-in-possession of all assets of the bankruptcy estate, including the present causes of action in this matter. No special counsel has been appointed in this matter on the plaintiffs' behalf, and plaintiffs represent that it may be a number of months until such a counsel is appointed. Plaintiffs therefore seek an stay of all proceedings in this matter for a period of one-hundred twenty days to allow the debtor-in-possession to review and analyze plaintiffs' claims, to determine how to proceed and to appoint a special counsel to represent its interests in this matter. Plaintiffs ask the Court in the alternative to order an administrative closing of this matter, under which the statute of limitations will be tolled, to allow the debtor-in-possession time to act.

Plaintiffs' motion was filed on December 15, 2008. Defendants have not filed any opposition to the motion and time to file such a response has lapsed. See E.D. Mich. L. R. 7.1(d)(2)(C).

Federal District Courts have inherent power to stay proceedings "as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 683 (1997) (citing *Landis v. North American Company*, 299 U.S. 248, 254 (1936)). The entry of such an order is ordinarily within the sound discretion of the district court. *Ohio Environmental Council v. United States District Court*, 565 F.2d 393, 396 (6th Cir. 1977). The party seeking the stay has the burden of showing "that there is pressing need for delay, and that neither the other party nor the public will suffer harm" from such a stay. *Id.* The Court finds that plaintiffs have met their burden in this case of showing a pressing need for such a delay and lack of harm to the public or the other party for the limited period of time requested. This

conclusion is reinforced by defendants' failure to respond to plaintiffs' motion in a timely manner.

Therefore, it is hereby **ORDERED** that all proceedings in this matter are **STAYED** for 120 days from the date of this Order, until Thursday, June 4, 2009.

**SO ORDERED.**


s/Stephen J. Murphy, III
Stephen J. Murphy, III
United States District Judge

Dated: February 5, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 5, 2009, by electronic and/or ordinary mail.

Alissa Greer
Case Manager